UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIANA KALOSHI, MISHELE KOROVESHI, and ALFONSO TENEZACA, individually and in behalf of all other persons similarly situated,<br><br>                    Plaintiffs,<br><br><br>                    –against–<br><br><br>WEST VILLAGE OASIS, INC., d/b/a CASA LA FEMME SOUTH; ANASTASIOS HAIRATIDIS; AMIR IBRAHIM; and MEDHAT IBRAHIM; jointly and severally,<br><br>                    Defendants. | 22 CV 4593 |

## COMPLAINT AND JURY TRIAL DEMAND

The plaintiffs Adriana Kaloshi, Mishele Koroveshi, and Alfonso Tenezaca, individually and on behalf of all other persons similarly situated, by and through their undersigned attorneys, Law Offices of Michael K. Chong, LLC (MKC Law Group LLC), file this complaint against the defendants West Village Oasis, Inc., d/b/a Casa La Femme South; Anastasios Hairatidis; Amir Ibrahim; and Medhad Ibrahim, and allege as follows:

### NATURE OF THE ACTION

1.      The plaintiffs, in behalf of other similarly situated current and former employees of the defendants who consent to become party plaintiffs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), allege that the defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the defendants are liable to the plaintiffs and party plaintiffs for (1) unpaid or underpaid minimum wages, (2) unpaid or underpaid overtime compensation, (3) misused tips, (4) compensatory damages for retaliation, and such other relief available by law.

2.      The plaintiffs, on behalf of themselves and a class, further allege, pursuant to N.Y. Lab. Law §§ 198(1-a) and 663(1), that the defendants violated the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, and section 196-d of the New York Labor Law, and the defendants are liable to the plaintiffs and class for unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) spread-of-hours wages, (4) retained gratuities, and such other relief available by law.

3.      The plaintiff Alfonso Tenezaca further alleges, pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-b), that the defendants violated the same, N.Y. Lab. Law § 195(1)–(2), and that the aforenamed plaintiff should be awarded of the defendants statutory damages, injunctive relief, and such other relief available by law.

4.      The plaintiff Alfonso Tenezaca further alleges, pursuant to N.Y. Lab. Law § 215(2)(a), that the defendants violated section 215(1)(a) of the New York Labor Law, and the defendants are liable to the aforenamed plaintiff for compensatory damages and such other relief available by law.

5.      The plaintiffs Adriana Kaloshi and Mishele Koroveshi further allege, pursuant to N.Y. Exec. Law §§ 297(9) and N.Y.C. Admin. Code §§ 8-502, that the defendants unlawfully discriminated against the aforenamed plaintiffs in the course of their employment on the basis of their sex, and that the defendants thereby violated the New York State Human Rights Law, N.Y. Exec. Law §§ 290–297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101–131, and that the aforenamed plaintiffs are entitled of the defendants to injunctive relief, compensatory damages, punitive damages, civil fines and penalties, and other relief to which the plaintiff is entitled by law.

## JURISDICTION AND VENUE

6.      Jurisdiction of this action is conferred upon the Court by the Fair Labor Standards Act, 29 U.S.C. § 216(b), and further by 28 U.S.C. §§ 1331 and 1337.

7.      Jurisdiction over all other claims is within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391. The parties reside where set forth herein. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in the judicial district of this Court.

## THE PARTIES

9.      The plaintiff Adriana Kaloshi is and was at all relevant times an adult residing in Kings County, New York.

10.     The plaintiff Mishele Koroveshi is and was at all relevant times an adult residing in Queens County, New York.

11.     The plaintiff Alfonso Tenezaca is and was at all relevant times an adult residing in Queens County, New York.

12.     The defendant West Village Oasis, Inc., d/b/a Casa La Femme South, is and was at all relevant times a New York business corporation with a principal location at 140 Charles Street, New York, in New York County, New York.

13.     Upon information and belief, the defendant Anastasios Hairatidis is an adult whose county of residence is Westchester County, New York.

14.     Upon information and belief, the defendant Amir Ibrahim is an adult whose county of residence is Nassau County, New York.

15.     Upon information and belief, the defendant Medhat Ibrahim is an adult whose county of residence is New York County, New York.

## CLASS ACTION ALLEGATIONS

16.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the plaintiffs seek to prosecute certain of the plaintiffs' claims identified below as a class action in behalf of a class

consisting of all current and former employees who are or were formerly employed, within the meaning of the New York Labor Law, by the defendants in the state of New York at any time since six years prior to the date of the complaint to the entry of judgment in this case.

17.     This class is so numerous that joinder of all class members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the defendants, upon information and belief, there are approximately thirty members of the class, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

18.     The plaintiffs will fairly and adequately protect the interests of the class and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. The plaintiffs have no interest that is contrary to or in conflict with the putative class.

19.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the class action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a class action.

20.     Questions of law and fact common to the class predominate over questions that may affect only individual members because the defendants have acted on grounds generally applicable to the class. Among the common questions of law and fact common to the class are: (1) whether the defendants employed the class within the meaning of the New York Labor Law, (2) whether the defendants violated the Minimum Wage Act, and (3) whether the defendants are liable for all

damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, and costs, disbursements, and attorney's fees.

## COLLECTIVE ACTION ALLEGATIONS

21.     Pursuant to 29 U.S.C. § 216(b), the plaintiffs commence this action as to the plaintiffs' claims arising under the Fair Labor Standards Act as a collective action in behalf of all similarly situated current and former employees of the defendants at any time since three years before the date of this complaint to the entry of judgment in this action who consent to become party plaintiffs.

22.     The plaintiffs and the putative party plaintiffs have had substantially similar jobs and compensation and have been subject to the defendants' common policies and practices of willfully violating the Fair Labor Standards Act as set forth in this complaint. The claims of the plaintiffs stated herein are similar to those of the putative party plaintiffs.

## STATEMENT OF FACTS

23.     At all relevant times, the defendants' business is a full-service restaurant doing business as Casa La Femme South and located at 140 Charles Street, New York, New York.

24.     Upon information and belief, at all relevant times, the defendant Anastasios Hairatidis was an owner, shareholder, officer, or manager of the defendants' business.

25.     Upon information and belief, at all relevant times, the defendant Anastasios Hairatidis was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs and party plaintiffs, and acted directly or indirectly in the interest of an employer.

26.     Upon information and belief, at all relevant times, the defendant Anastasios Hairatidis had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

27.     Upon information and belief, at all relevant times, the defendant Amir Ibrahim was an owner, shareholder, officer, or manager of the defendants' business.

28.     Upon information and belief, at all relevant times, the defendant Amir Ibrahim was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs and party plaintiffs, and acted directly or indirectly in the interest of an employer.

29.     Upon information and belief, at all relevant times, the defendant Amir Ibrahim had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

30.     Upon information and belief, at all relevant times, the defendant Medhat Ibrahim was an owner, shareholder, officer, or manager of the defendants' business.

31.     Upon information and belief, at all relevant times, the defendant Medhat Ibrahim was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs and party plaintiffs, and acted directly or indirectly in the interest of an employer.

32.     Upon information and belief, at all relevant times, the defendant Medhat Ibrahim had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

33.     The defendants are associated and are joint employers, act in the interest of each other with respect to the employees of the defendants, have common policies and practices as to wages and hours, and share control over the defendants' employees.

34.     The defendants employed the plaintiff Adriana Kaloshi approximately from October 2020 until December 6, 2021.

35.     The defendants employed the plaintiff Adriana Kaloshi as a waiter.

36.     The plaintiff Adriana Kaloshi worked for the defendants approximately between 47 and 55 hours per week. The plaintiff Adriana Kaloshi worked for the defendants a spread of hours greater than ten approximately 2 days per week.

37.     The defendants paid the plaintiff Adriana Kaloshi $15.00 per hour, and $22.50 for overtime hours.

38.     The defendants employed the plaintiff Mishele Koroveshi approximately from January 18, 2021, until December 6, 2021.

39.     The defendants employed the plaintiff Mishele Koroveshi as a waiter.

40.     The plaintiff Mishele Koroveshi worked for the defendants approximately between 47 and 55 hours per week. The plaintiff Mishele Koroveshi worked for the defendants a spread of hours greater than ten approximately 2 days per week.

41.     The defendants paid the plaintiff Mishele Koroveshi $15.00 per hour, and $22.50 for overtime hours.

42.     The defendants employed the plaintiff Alfonso Tenezaca approximately from August 2020 until February 2022.

43.     The defendants employed the plaintiff Alfonso Tenezaca as a food service runner.

44.     The plaintiff Alfonso Tenezaca worked for the defendants approximately 55 to 60 hours per week. The plaintiff Alfonso Tenezaca worked for the defendants a spread of hours greater than ten approximately 2 days per week.

45.     The defendants paid the plaintiff Alfonso Tenezaca $15.00 per hour, and $22.50 for overtime hours.

46.     The defendants paid the plaintiffs by check.

47.     The defendants' practice is and was for the plaintiffs, party plaintiffs, and class to record their times in and out of work in a handwritten log.

48.     It is the defendants' practice to pay the plaintiffs, party plaintiffs, and class for approximately 6 hours fewer each week than their actual hours worked and reported by the defendants' employees to the defendants.

49.     The defendants, by not paying the plaintiffs, party plaintiffs, and class for all of their hours worked, willfully failed to pay the plaintiffs, party plaintiffs, and class the applicable minimum wage.

50.     The plaintiffs, party plaintiffs, and class worked in excess of forty hours each workweek, yet the defendants, by not paying the plaintiffs, party plaintiffs, and class for all of their hours worked, willfully failed to pay the plaintiffs, class, and party plaintiffs overtime compensation of one and one-half times their regular rate of pay.

51.     The plaintiffs and class worked a spread of hours in excess of ten each day, yet the defendants willfully failed to pay the plaintiffs and class spread-of-hours compensation.

52.     It is the defendants' practice for cash tips to be kept in the pocket of the manager, from which they were either kept in the manager's personal possession or paid over to one of the owners and kept in the owner's personal possession. These cash tips were then commingled with the receipts of the restaurant or the personal money of the manager or owners.

53.     Is it the defendants' practice to spend cash tips on the restaurant's expenses, such as for the purchase of flowers and decorations for the dining room.

54.     It is the defendants' practice to impose a service charge on banquets and then to keep a part of that service charge as the receipts of the restaurant and only pay a portion to the employees entitled to receive it as a tip, and without informing the customers that the service charge was not a tip or gratuity.

55.    The defendants required the plaintiffs, party plaintiffs, and class to participate in a tip pool, and the defendants set the percentages for distributions from the tip pool to each employee.

56.    It is the defendants' practice to set arbitrary percentages for distributions from the tip pool for each employee, instead of according to the employee's occupation.

57.    It is the defendants practice to require participation in the tip pool by employees not lawfully eligible to participate, including managers and hosts.

58.    The defendants misused or retained tips or gratuities of the plaintiffs, party plaintiffs, and class.

59.    Because the defendants misused or retained tips or gratuities of the plaintiffs, party plaintiffs, and class, the defendants are not permitted to claim a tip credit, and therefore willfully failed to pay the plaintiffs, party plaintiffs, and class the minimum wage.

60.    The plaintiff Alfonso Tenezaca's primary language is Spanish.

61.    The defendants failed to provide the plaintiff Alfonso Tenezaca with a notice and acknowledgment at the time of hiring in his primary language, even though a template for such a notice in Spanish had been promulgated by the New York State Department of Labor.

62.    It is the defendants practice to schedule female employees for fewer hours of work than male employees in the same occupation. The defendant Amir Ibrahim told the plaintiffs Adriana Kaloshi and Mishele Koroveshi that the reason for the defendants' refusal to schedule them for more hours was because they are women.

63.    The defendants terminated the plaitniff Alfonso Tenezaca in retaliation after the plaitniff Alfonso Tenezaca complained to the defendants about the defendants' failure to pay him in accordance with the law.

## FIRST CLAIM:
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

64.     The plaintiffs, on behalf of the plaintiffs and party plaintiffs, reallege and incorporate by reference paragraphs 1 through 63 as if they were set forth again herein.

65.     At all relevant times, the defendants, employers, employed the plaintiffs and party plaintiffs, employees, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), (e)(1), and (g).

66.     The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

67.     The enterprise of the defendants employs employees engaged in commerce or in the production of goods for commerce, or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(i).

68.     Upon information and belief, at all relevant times, the enterprise of the defendants has had an annual gross volume of sales made or business done not less than of $500,000, exclusive of separate retail excise taxes, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(ii).

69.     Therefore, upon information and belief, at all relevant times, the plaintiffs and party plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a).

70.     The defendants in many workweeks willfully and repeatedly violated the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay the plaintiffs and party plaintiffs the minimum wage applicable under the Fair Labor Standards Act, 29 U.S.C. § 206.

71.     The defendants in many workweeks willfully and repeatedly violated the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay the plaintiffs and party plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

72.     The defendants in many workweeks willfully and repeatedly violated the Fair Labor Standards Act, 29 U.S.C. §§ 203(m), 206, and 215(a)(2), and 29 C.F.R. § 531.52, by misusing tips of the plaintiffs and party plaintiffs.

73.     The defendants, because the plaintiff Alfonso Tenezaca complained about violations of the Fair Labor Standards Act, unlawfully discharged or discriminated against the aforenamed plaintiff, in violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3).

74.     By 29 U.S.C. § 216(b), the defendants are liable to the plaintiffs and party plaintiffs for (1) unpaid or underpaid minimum wages, (2) unpaid or underpaid overtime compensation, (3) misused tips, and (4) and compensatory damages for retaliation.

75.     The foregoing conduct, as alleged, constitutes a willful violation of the Fair Labor Standards Act within the meaning of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

76.     The plaintiffs and party plaintiffs are further entitled to recover of the defendants an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

## SECOND CLAIM:
## VIOLATIONS OF THE MINIMUM WAGE ACT

77.     The plaintiffs and class reallege and incorporate by reference paragraphs 1 through 76 as if they were set forth again herein.

78.     At all relevant times, the defendants, employers, employed the plaintiffs and class, employees, within the meaning of the New York Labor Law, §§ 2(5)–(7), 190(2)–(3), and 651(5)–(6), and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.2.

79.     Upon information and belief, at all relevant times, the plaintiffs and class, while employed by the defendants, were employees in New York City, within the meaning of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2(a)(1)(i).

80.     Upon information and belief, at all relevant times, the defendants were a large employer of eleven or more employees, within the meaning of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2(a)(1)(i)(*a*).

81.     From December 31, 2016, to December 30, 2017, the applicable minimum wage was $12.00, and from December 31, 2017, to December 30, 2018, $13.50, and from December 31, 2018, $15.00, pursuant to N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2(a)(1)(i)(*a*).

82.     The defendants violated the plaintiffs' and class's rights by failing to pay or underpaying the plaintiffs and class the required minimum wage, in violation of N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2.

83.     The defendants violated the plaintiffs' and class's rights by failing to pay or underpaying the plaintiffs and class overtime compensation at a rate not less than one and one-half times the plaintiffs' class's regular rate of pay for the hours the plaintiffs and class worked in excess of forty per workweek, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.

84.     The defendants violated the plaintiffs' and class's rights by failing to pay or underpaying the plaintiffs and class spread-of-hours compensation, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

85.     The defendants violated the plaintiffs' rights by unlawfully retaining gratuities owed to the plaintiffs, in violation of N.Y. Lab. Law § 196-d.

86.     By N.Y. Lab. Law §§ 198(1-a) and 663(1), the defendants are liable to the plaintiffs and class for unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) spread-of-hours wages, and (4) retained gratuities.

87.     The plaintiffs and class are further entitled to recover of the defendants liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1).

**THIRD CLAIM:**
**VIOLATION OF THE WAGE THEFT PREVENTION ACT**

88.     The plaintiffs reallege and incorporate by reference paragraphs 1 through 87 as if they were set forth again herein.

89.     The defendants failed to furnish to the plaintiff Alfonso Tenezaca, at the time of the aforenamed plaintiff's hiring, in the aforenamed plaintiff's primary language, a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any doing business as names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1).

90.     Due to the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1), the plaintiffs and class should be awarded of the defendants statutory damages of $50.00 per workday that the violation occurred, up to a maximum of $5,000.00, pursuant to N.Y. Lab. Law § 198(1-b).

91.     Further, the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, should be permanently enjoined from violating the Wage Theft Prevention Act, § 195(1)–(2), pursuant to the same, N.Y. Lab. Law § 198(1-b).

## FOURTH CLAIM:
## SECTION 215 OF THE NEW YORK LABOR LAW

92.     The plaintiffs reallege and incorporate by reference paragraphs 1 through 91 as if they were set forth again herein.

93.     The defendants violated the plaintiff Alfonso Tenezaca's rights by discharging, threatening, penalizing, discriminating, and retaliating against the aforenamed plaintiff because the aforenamed plaintiff complained to the defendants that the defendants engaged in conduct that the aforenamed plaintiff, reasonably and in good faith, believed violated the New York Labor Law, in violation of N.Y. Lab. Law § 215(1)(a).

94.     Due to the defendants' violation of N.Y. Lab. Law § 215(1)(a), the defendants are liable to the aforenamed plaintiff for rehiring or reinstatement of the aforenamed plaintiff to his former position with restoration of seniority or an award of front pay in lieu of reinstatement, and an award of lost compensation and damages, pursuant to N.Y. Lab. Law § 215(2)(a).

95.     The plaintiffs and class are further entitled to recover of the defendants liquidated damages in an amount not to exceed $20,000.00, pursuant to N.Y. Lab. Law § 215(2)(a).

## FIFTH CLAIM:
## NEW YORK STATE HUMAN RIGHTS LAW

96.     The plaintiffs reallege and incorporate by reference paragraphs 1 through 95 as if they were set forth again herein.

97.     The New York State Human Rights Law, N.Y. Exec. Law § 296(1)(a), provides that it is an unlawful discriminatory practice for "an employer…because of an individual's…sex…to

discriminate against such individual in compensation or in terms, conditions or privileges of employment."

98.     Through the actions and inactions described above, the defendants repeatedly and persistently violated the plaintiffs Adriana Kaloshi's and Mishele Koroveshi's rights by discriminating against female employees in the terms, conditions, and privileges of employment, in violation of the New York State Human Rights Law.

99.     The foregoing conduct, as alleged, was willful, wanton, or malicious, within the meaning of N.Y. Exec. Law § 297(4)(c)(6).

100.    Due to the defendants' violation of the New York State Human Rights Law, N.Y. Exec. Law § 296(1)(a), the defendants are liable to the aforenamed plaintiffs for compensatory damages, punitive damages, and liable for civil fines and penalties not to exceed $100,000.00, pursuant to N.Y. Exec. Law § 297(9).

## SIXTH CLAIM:
## NEW YORK CITY HUMAN RIGHTS LAW

101.    The plaintiffs reallege and incorporate by reference paragraphs 1 through 100 as if they were set forth again herein.

102.    The New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1)(a), provides that it is an unlawful discriminatory practice for "an employer…because of the…gender…of any person[,]…to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

103.    Through the actions and inactions described above, the defendants repeatedly and persistently violated the plaintiffs Adriana Kaloshi's and Mishele Koroveshi's rights by discriminating against female employees in the terms, conditions, and privileges of employment, in violation of the New York City Human Rights Law.

104.     Due to the defendants' violation of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1)(a), the defendants are liable to the aforenamed plaintiffs for compensatory and punitive damages, pursuant to N.Y.C. Admin. Code § 8-502.

**SEVENTH CLAIM:**
**DECLARATORY RELIEF**

105.     The plaintiffs, on behalf of the plaintiffs, class, and party plaintiffs, reallege and incorporate by reference paragraphs 1 through 104 as if they were set forth again herein.

106.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and Rule 57 of the Federal Rules of Civil Procedure, the plaintiffs, class, and party plaintiffs may obtain declaratory relief.

107.     The defendants violated the Fair Labor Standards Act, Minimum Wage Act, section 196-d of the New York Labor Law, section 215(1)(a) of the New York Labor Law, the Wage Theft Prevention Act, the New York State Human Rights Law, and the New York City Human Rights Law.

108.     It is in the public interest to have these declarations of rights recorded.

109.     A declaratory judgment serves the useful purpose of clarifying and settling the legal issues in this action.

110.     A declaratory judgment would terminate and afford relief from uncertainty, insecurity, and controversy giving rise to this action.

**PRAYER FOR RELIEF**

111.     Wherefore, the plaintiffs, on behalf of the plaintiffs, class, and party plaintiffs, pray this Court grant as relief:

a.     determination that this action may proceed and be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b.    designation of this action as a collective action in behalf of the party plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated putative party plaintiffs, apprising them of the pendency of this action, permitting them to assert timely claims under the Fair Labor Standards Act in this action by filing individual consents to become party plaintiffs pursuant to 29 U.S.C. § 216(b) and appointing the plaintiffs and the plaintiffs' attorneys to represent the party plaintiffs;

c.    a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, the Minimum Wage Act, section 196-d of the New York Labor Law, section 215(1)(a) of the New York Labor Law, the Wage Theft Prevention Act, the New York State Human Rights Law, and the New York City Human Rights Law;

d.    an award (1) unpaid or underpaid minimum wages, (2) unpaid or underpaid overtime compensation, (3) misused tips, and (4) compensatory damages for retaliation, due under the Fair Labor Standards Act;

e.    an award of liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

f.    an award of unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) spread-of-hours wages, and (4) retained gratuities, due under the Minimum Wage Act and section 196-d of the New York Labor Law;

g.    an award of liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1);

h.    an award of statutory damages for the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1)–(2), pursuant to the same, N.Y. Lab. Law § 198(1-b);

i.      a permanent injunction restraining the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, from violating the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1)–(2), pursuant to the same, N.Y. Lab. Law § 198(1-b);

j.      an order that the defendants rehire or reinstate the plaintiffs to their former positions with restoration of seniority or an award of front pay in lieu of reinstatement, and an award of lost compensation and damages, pursuant to N.Y. Lab. Law § 215(2)(a);

k.      a permanent injunction restraining the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, from violating section 215(1)(a) of the New York Labor Law, pursuant to N.Y. Lab. Law § 215(2)(a);

l.      an award of liquidated damages not to exceed $20,000.00 per plaintiff, pursuant to N.Y. Lab. Law § 215(2)(a);

m.      injunctive relief and an award of compensatory damages, punitive damages, and the imposition upon the defendants of civil fines and penalties not to exceed $100,000.00, pursuant to the New York State Human Rights Law, N.Y. Exec. Law § 297(9);

n.      injunctive relief and an award of compensatory and punitive damages, pursuant to the New York City Human Rights Law, N.Y.C. Admin. Code § 8-502;

o.      if liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

p.      an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, §§ 5001–02;

q.      an award of postjudgment interest pursuant to 28 U.S.C. § 1961 and/or the

New York Civil Practice Law and Rules, § 5003;

r.      an award of the attorney's fees, costs, and further expenses up to fifty dollars,

of this action, pursuant to 29 U.S.C. § 216(b), N.Y. Exec. Law § 297(10), N.Y. Lab. Law

§§ 198(1)–(2), 215(2)(A), and 663(1); and N.Y.C. Admin. Code § 8-502(g); and

s.      such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiffs, on behalf of

the plaintiffs, class, and party plaintiffs, demand a trial by jury on all questions of fact raised by

the complaint.

Law Offices of Michael K. Chong, LLC
MKC Law Group LLC
By: /s
Michael K. Chong
mkchong@mkclawgroup.com
Brandon D. Sherr
bsherr@mkclawgroup.com
2 Executive Drive, Suite 240
Fort Lee, New Jersey 07024
Telephone: (201) 947-5200
Dated: New York, New York                Facsimile: (201) 708-6676
June 2, 2022                **ATTORNEYS FOR PLAINTIFFS**