UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIANA KALOSHI, et al.,

    Plaintiffs,

-against-

WEST VILLAGE OASIS, INC., et al.,

    Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 03/09/2023

22-CV-4593 (ALC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court has received and reviewed the parties' letters dated March 2 and March 8, 2023, both of which make a variety of factual assertions unsupported by any admissible evidence. However, the parties appear to agree on one thing: that plaintiff Alfonso Tenezaca has stated that he no longer wishes to be a plaintiff in this wage and hour action. *See* Def. Ltr. (Dkt. 30) at 1 ("Defendants have informed the undersigned that Mr. Tenezaca repeatedly advises that he does not want to be part of the case any longer."); Pl. Ltr. (Dkt. 32) at 2 ("Mr. Tenezaca . . . wants to dismiss his claims, despite supposedly receiving nothing for it and being left to pay his own legal bill[.]"). Plaintiffs' counsel, suspecting that defendants have entered into some kind of undisclosed *quid pro quo* with Mr. Tenezaca (which would preclude a voluntarily dismissal without judicial review of the terms of the parties' agreement),[1] proposes to file a motion to dismiss Mr. Tenezaca's claims, supported by an affidavit signed by Mr. Tenezaca, leaving it to the Court to "decide whether that evidence is sufficient to satisfy the Court that the requirements of the Fair Labor Standards Act are not implicated by such a dismissal." Pl. Ltr. at 3.

---

[1] *See Samake v. Thunder Lube, Inc.*, 24 F. 4th 804, 811 (2d Cir. 2022) (holding that *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), applies even to a notice of a voluntary dismissal without prejudice pursuant to Rule 41(a)(a)(A) if that dismissal is in reality a "settlement"). However, as the *Samake* court explained, had the plaintiff in that case confirmed that "the parties [did] not enter[] into a settlement," the district court "would have had to give effect to his voluntary dismissal." *Id.*

The Court accepts plaintiff's proposal, with the following modifications:

1. Within one week from today, plaintiff Tenezaca shall file a motion to dismiss his claims without prejudice pursuant to Rule 41(a)(2),[2] supported by an affidavit or declaration signed by Mr. Tenezaca setting forth the relevant facts, including whether he was offered or accepted any payment or other benefit in exchange for his agreement to dismiss his claims in this action, and whether he has signed a release.

2. Additionally, Mr. Tenezaca's present counsel shall file an affidavit or declaration explaining the basis of his statement that if Mr. Tenezaca dismisses his claims he will be "left to pay his own legal bill." Pl. Ltr. at 3.

3. If defendants consent to the dismissal without prejudice, they shall, within one week thereafter, file a response to the motion so stating, supported by an affidavit or declaration, signed by a person with personal knowledge, setting forth the relevant facts, including whether any defendant offered or provided any payment or other benefit to Mr. Tenezaca in exchange for his agreement to dismiss his claims in this action, and whether he has signed a release.

If the parties wish to consent to the plenary jurisdiction of the undersigned Magistrate Judge for purposes of the motion to dismiss Mr. Tenezaca's claims (or for the entirety of this action), they may submit the appropriate form pursuant to 28 U.S.C. § 636(c), available at https://www.nysd.uscourts.gov/hon-barbara-moses. Consent must be unanimous. If it is not, do not submit the form or disclose the parties' respective positions to the Court. If the absence of consent, it will be up to the District Judge to determine whether to refer Mr. Tenezaca's motion for report and recommendation.

Dated: New York, New York  
March 9, 2023

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**

---

[2] Defendants having filed an answer (Dkt. 17), a notice of dismissal pursuant to Rule 41(a)(1)(A) is no longer available to Mr. Tenezaca.