UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIANA KALOSHI, et al.,

Plaintiffs,

-against-

WEST VILLAGE OASIS, INC., et al.,

Defendant.

22-CV-4593 (BCM)

**MEMORANDUM AND ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Alfonso Tenezaca is one of three plaintiffs in this wage and hour action, brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*., as well as state law, against West Village Oasis, Inc. and three individual defendants. *See* Compl. (Dkt. 1) ¶¶ 1-5. In his pleading, Tenezaca alleges that he worked for defendants from August 2020 to February 2022, as a food service runner, but was not paid for all of the regular and overtime hours he worked, nor given all of his tips. *Id*. ¶¶ 44-59. He further alleges that his employment was terminated in retaliation for complaining about his wages. *Id*. ¶ 63.

Tenezaca now moves to dismiss his claims voluntarily, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2). (Dkt. 44.) In his declaration, dated April 4, 2023, he explains:

> After speaking with my parents and because of my principles I feel like I do not want to deal with this lawsuit anymore. When I joined the lawsuit, I was under the influence of alcohol and now I do not believe it was right because the defendants have helped me out a lot. When I was sick in the hospital, they helped me out a lot, and offered me work for whatever schedule I wanted.

Tenezaca Decl. (Dkt. 46) ¶ 2. Tenezaca adds that he is "planning to move to the Hamptons this summer." *Id.* ¶ 4. He states that he returned to work for defendants, part-time, "about three or four weeks ago" (that is, in early March 2023), but assures the Court that defendants "did not ask me to do anything concerning the lawsuit as a condition of working for them again." *Id*. ¶ 3. He then

attests, in unambiguous language: "The defendants have neither offered me anything nor given me anything in exchange for dismissing the lawsuit." *Id.* ¶ 5.

Defendants "join plaintiffs in requesting dismissal of Mr. Tenezaca's claims without prejudice." Def. Ltr. dated April 11, 2023 (Dkt. 49) at 2. The Court therefore need not analyze the factors relevant to contested Rule 41(a)(2) motions. *See Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) ("Factors relevant to the consideration of a motion to dismiss without prejudice include the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss.") (citation omitted).

The parties have consented to the disposition of the Rule 41(a)(2) motion by the assigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkts. 47, 53.) For the reasons that follow, however, the motion cannot be granted on the present record.

## Discussion

In our Circuit, FLSA settlements "require the approval of the district court or the [Department of Labor] to take effect." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The purpose of the review process is to ensure that the settlement agreement is "fair and reasonable to the plaintiff." *Barsa v. Beacon Health Options, Inc.*, 2020 WL 7240346, at *3 (S.D.N.Y. July 10, 2020) (quoting *Seck v. Dipna Rx, Inc.*, 2017 WL 1906887, at *3 (S.D.N.Y. May 8, 2017)). It is irrelevant, under *Cheeks* and its progeny, whether the FLSA claims are dismissed with or without prejudice. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 810 (2d Cir. 2022) ("[T]he logic of Cheeks as applied to Rule 41(a)(1)(A)(ii) dismissals with prejudice applies equally to Rule 41(a)(1)(A)(i) dismissals without prejudice."). Were the rule otherwise, the *Samake* court

explained, "parties could evade *Cheeks* review simply by negotiating a settlement and release, then filing a unilateral dismissal without prejudice rather than a stipulated dismissal." *Id.*

However, if the district court obtains "confirmation that no settlement exist[s]," the unique considerations underlying *Cheeks* do not apply, and no further judicial review of the plaintiff's voluntary dismissal is required. *Samake*, 24 F.4th at 811. Thus, in *Morales v. Next Stop 2006, Inc.*, 2022 WL 17811401, at *1 (S.D.N.Y. Dec. 19, 2022), the court granted plaintiff's Martinez's letter-motion to dismiss his FLSA (and related state law) claims where "Plaintiff's counsel indicated she is not aware of any settlement between Plaintiff Jorge Martinez and Next Stop Defendants," and Magistrate Judge Cott "credited this statement, and concluded that 'there is nothing in the record to raise a concern that the parties have covertly settled FLSA claims in an effort to evade judicial review required by *Cheeks*.'") (citation omitted).[1] *See also Ramirez v. Blue Grass Landscaping & Gardening, Inc.*, 2022 WL 5207494, at *5 (E.D.N.Y. Sept. 19, 2022) (recommending dismissal without prejudice pursuant to Rule 41(a)(1)(A)(ii) after both plaintiff and defendant testified that it was plaintiff's "own decision" to resume his employment with defendant and discontinue his FLSA action, with no *quid pro quo*), *report and recommendation adopted,* 2022 WL 5186121 (E.D.N.Y. Oct. 5, 2022); *Ku v. MB Gallery Inc.*, 2022 WL 4642088, at *4 (E.D.N.Y. July 6, 2022) (recommending grant of plaintiff's Rule 41(a)(2) request for dismissal without prejudice after his counsel confirmed in writing "that the requested dismissal here does not involve any settlement, and that Plaintiff simply wishes to discontinue the case due to the cost of litigation and the uncertainty of recovery"), *report and recommendation adopted,* 2022 WL 4662196 (E.D.N.Y. Sept. 30, 2022).

[1] The court added, "Nevertheless, should evidence emerge that Plaintiff Martinez and Next Stop Defendants have entered some sort of settlement, the Court retains jurisdiction to review that settlement pursuant to *Cheeks*." *Morales*, 2022 WL 17811401, at *1.

Here, as in *Morales*, there is nothing in the present record to indicate that the parties have covertly settled plaintiff Tenezaca's FLSA claims in an effort to evade judicial review. Tenezaca attests, under oath, that he made the decision himself and that there was no *quid pro quo*. Tenezaca Decl. ¶¶ 2, 3, 5. Similarly, defendants have represented to the Court (through their counsel) that Tenezaca repeatedly and voluntarily contacted his former employers – before he was re-hired – to say that he wished to drop the suit. *See* Def. Ltr. dated March 2, 2023 (Dkt. 30) at 1 (plaintiff "has continuously advised the Defendants (and, upon information and belief, his own counsel) that he does not wish to pursue this litigation"); Def. Ltr. dated April 11, 2023 at 1 ("Mr. Tenezaca reached out to the Defendants (not the other way around) to advise that he did not want to pursue the [FLSA] claims, well before he was re-hired."). Additionally, it appears that plaintiff's counsel prepared the declaration submitted with the motion. *See* Pl. Ltrs. dated March 31 and April 3, 2023 (Dkts. 39, 41.) Thus, although counsel continues to express some skepticism as to whether there is more to the story than his client has disclosed,[2] there is no evidence contradicting Tenezaca's unequivocal attestation, submitted by his own attorney, that defendants did not ask him "to do anything concerning the lawsuit," and did not offer or give him anything for dismissing it. Tenezaca Decl. ¶¶ 3, 5. *Cf. Ramirez*, 2022 WL 5207494, at *2 (where plaintiff's counsel wrote that his client "never advised that he wanted to discontinue the case" and expressly accused defendants of attempting to settle it "without judicial oversight or approval," and where both parties requested

[2] The memorandum of law submitted in support of plaintiff's motion, signed by attorney Michael Chong, notes that "[c]oercion is a concern" in FLSA litigation, particularly when the plaintiff remains employed by the defendants, *see* Pl. Mem. (Dkt. 45) at 2, and complains that defendants did not provide him with an audio recording in which, they say, plaintiff told them that he did not "want to go to the court." *Id*. at 3. Counsel nonetheless agrees that if Tenezaca "has not received any consideration for dismissing his claims and is free to relitigate them at his discretion," the policy considerations underlying *Cheeks* and *Samake* are not implicated here, *id*. at 4, and concludes by requesting that the Court dismiss Tenezaca's claims without prejudice and grant the remaining plaintiffs leave to amend the complaint to delete the dismissed claims. *Id*. at 5.

an evidentiary hearing, the court took testimony from both parties before accepting dismissal of plaintiff's FLSA claims without prejudice).

The Court cannot grant the motion on the present record, however, because the record is incomplete. On March 9, 2023, the Court issued a clear and specific order governing Tenezaca's anticipated motion to dismiss his claims without prejudice. The order required three things: (1) that Tenezaca support his motion with "an affidavit or declaration . . . setting forth the relevant facts, including whether he was offered or accepted any payment or other benefit in exchange for his agreement to dismiss his claims in this action, and whether he has signed a release"; (2) that his counsel "file an affidavit or declaration explaining the basis of his statement [*see* Pl. Ltr. dated March 8, 2023 (Dkt. 32) at 3] that if Mr. Tenezaca dismisses his claims he will be 'left to pay his own legal bill'"; and (3) that "[i]f defendants consent to the dismissal without prejudice," they file a response so stating, "supported by an affidavit or declaration, signed by a person with personal knowledge, setting forth the relevant facts, including whether any defendant offered or provided any payment or other benefit to Mr. Tenezaca in exchange for his agreement to dismiss his claims in this action, and whether he has signed a release." Order dated March 9, 2023 (Dkt. 33) at 2. At best, only the first of these requirements has been met.

## Conclusion

It is hereby ORDERED that that, no later than **June 20, 2023**, plaintiff's counsel shall file the required affidavit or declaration explaining the basis of his prior statement that if Tenezaca dismisses his claims he will be "left to pay his own legal bill.'"[3] It is FURTHER ORDERED that,

[3] Plaintiff's memorandum states that Tenezaca "bears his own expenses for pursuing this litigation," Pl. Mem. at 4, but provides no further explanation. Counsel's affidavit or declaration should state whether counsel proposes to charge Tenezaca fees, expenses, or both; the amount of any such charge; the basis for assessing it; and whether Tenezaca has been advised of any such charge.

no later than **June 20, 2023**, defendants shall file the required affidavit or declaration, signed by one of the individual defendants (or another person with personal knowledge of the relevant facts), setting forth those facts, including whether any defendant offered or provided any payment or other benefit to Tenezaca in exchange for his agreement to dismiss his claims in this action, and whether he has signed a release. No additional argument is required or will be accepted.

The Clerk of Court is respectfully directed to leave the motion at Dkt. 44 open for future determination.

Dated: New York, New York
June 12, 2023

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**