UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIANA KALOSHI, et al.,

    Plaintiffs,

-against-

WEST VILLAGE OASIS, INC., et al.,

    Defendants.

22-CV-4593 (ALC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court has received and reviewed the affidavit of defendant Amir Ibrahim, attesting that defendants "have not offered nor paid any consideration or other benefits" to plaintiff Alfonso Tenezaca "in exchange for his decision to discontinue his claims," and that Tenezaca "has not signed a release[.]" Ibrahim Aff. (Dkt. 57) ¶¶ 3, 4. Ibrahim's testimony corroborates Tenezaca's own prior assertion that defendants "have neither offered me anything nor given me anything in exchange for dismissing the lawsuit." Tenezaca Decl. (Dkt. 46) ¶ 5. I am therefore satisfied that there is no settlement between Tenezaca and defendants, and consequently no need for this Court to perform any further judicial review of Tenezaca's unopposed motion, made pursuant to Fed. R. Civ. P. 41(a)(2), to voluntarily dismiss his claims, which were brought pursuant to the Fair Labor Standards Act (FLSA) and the New York Labor Law, without prejudice. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 811 (2d Cir. 2022) (although "district courts necessarily have the authority and jurisdiction to review FLSA settlements," even where the parties' agreement provides for a dismissal without prejudice, no further review of such a dismissal is required once the court has "confirmation that no settlement existed"). For these reasons, Tenezaca's motion (Dkt. 44) is GRANTED, and his claims are DISMISSED WITHOUT PREJUDICE. Plaintiffs shall promptly file their proposed First Amended Complaint (Dkt. 44-1), which deletes Tenezaca's claims but does not alter the claims of the remaining plaintiffs.

The Court has also received and reviewed the affirmation of plaintiffs' attorney Brandon D. Sherr, who attests that Tenezaca has a contingent fee agreement with his counsel and asserts that "under the relevant statute and case law, Mr. Tenezaca is responsible for his attorney's fees and expenses if he unilaterally terminate the contingent fee agreement without cause." Sherr Aff. (Dkt. 58) ¶ 2.[1] Attorney Sherr adds that his firm "would eventually seek to settle a bill with [Tenezaca] or to fix the amount of such a bill in court if an agreement cannot be reached," but does not "seek to fix a charging lien at this time." *Id*. ¶¶ 4, 5.

Plaintiffs' counsel has not yet complied with this Court's Order dated June 12, 2023 (June 12 Order) (Dkt. 54) directing him (for the second time) to explain the basis of his prior statement[2] that "if Mr. Tenezaca dismisses his claims he will be 'left to pay his own legal bill.'" June 12 Order at 5. Counsel was specifically directed to state, among other things, whether he "proposes to charge Tenezaca fees, expenses, or both; the amount of any such charge; [and] the basis for assessing it[.]" *Id*. at 5 n.3. The Sherr affirmation does not answer the first two questions and does not adequately answer the third. Among other things, the Court observes that Tenezaca did not fire his counsel, switch counsel, or otherwise "unilaterally terminate[]" his agreement with his counsel. Rather, upon reconsidering his litigation goals, Tenezaca asked his counsel to assist him in dismissing his claims, which counsel did by filing the motion that has just been granted. The Court further observes that an attorney's charging lien, by definition, attaches to "a verdict, report, determination, decision, award, settlement, judgment or final order" in favor of that attorney's client. N.Y. Jud. Law § 475. Tenezaca's claims have just been dismissed. Unless he refiles them,

---

[1] Counsel did not submit a copy of the contingent fee agreement and does not further identify the "relevant statute and case law."

[2] See Pl. Ltr. dated March 8, 2023 (Dkt. 32) at 3.

there can be no verdict, decision, or award in his favor to which such a lien could attach.

Plaintiffs' counsel is directed to comply with this Court's June 12 Order, in full, no later than **July 7, 2023**. Alternatively, should counsel determine that no fees will be sought from former plaintiff Tenezaca, he need merely so state.

The Clerk of Court is respectfully directed to close the motion at Dkt. 44 and terminate Alfonso Tenezaca as a plaintiff in this action. Nothing in this Order affects the claims of the remaining plaintiffs.

Dated: New York, New York  
      June 29, 2023

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**