UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIANA KALOSHI, et al.,<br><br>        Plaintiffs,<br><br>-against-<br><br>WEST VILLAGE OASIS, INC., et al.,<br><br>        Defendants. | 22-CV-4593 (ALC) (BCM)<br><br>**MODIFIED CASE MANAGEMENT ORDER** |

**BARBARA MOSES, United States Magistrate Judge.**

In this action, filed on June 2, 2022, the two remaining plaintiffs allege that the owners and operators of a restaurant in the East Village, where they worked as waiters until late 2021, (i) failed to pay them and other employees all of the wages due under the Fair Labor Standards Act (FLSA); (ii) failed to pay them and other employees all of the wages due under the New York Labor Law (NYLL); and (iii) discriminated against them based on their sex, in violation of the New York City Human Rights Law. *See generally* First Amend. Compl. (Dkt. 63). The case is pled as a putative class action as to plaintiffs' NYLL claims, *see id*. ¶¶ 13-17, and a putative collective action as to their FLSA claims. *See id*. ¶¶ 18-19. However, plaintiffs apparently intend to prosecute their sex discrimination claims individually, which could furnish grounds for objections on typicality or adequacy grounds should these plaintiffs seek appointment as class representatives pursuant to Fed. R. Civ. P. 23. Discovery opened on February 1, 2023, and was scheduled to close on July 7, 2023. *See* Initial Case Management Order (Dkt. 28) ¶ 5.

Beginning on June 13, 2023, after a third plaintiff, Alfonso Tenezaca, sought to dismiss his claims voluntarily (*see* Dkt. 54), the Court directed the parties – three times – to propose a complete amended pretrial schedule, including amended discovery deadlines and deadlines for any motions to certify a collective or class action, as well as for summary judgment. (Dkts. 55, 61, 67.) The parties repeatedly failed to accomplish this relatively simple task. On June 28, 2023, they proposed

that fact depositions be completed by October 13, 2023, and that all fact discovery be completed by October 27, 2023, but said nothing about motion practice. (Dkt. 59.) On June 29, 2023, the Court directed them to provide a "complete" proposed pretrial schedule. (Dkt. 61.) Six weeks passed, during which the parties made no effort to do so. Consequently, on August 8, 2023, the Court gave them a deadline of August 15, 2023, to "jointly propose a complete pretrial schedule, as directed on June 29, 2023." (Dkt. 67.).

Now before the Court are plaintiffs' letter dated August 15, 2023 (Pl. Ltr.) (Dkt. 69), and defendants' responding letter dated August 18, 2023 (Def. Ltr.) (Dkt. 70). Plaintiffs' letter (which, incidentally, reveals that the parties did not beginning discussing dates until 1:00 that afternoon) proposes the following schedule:

| | |
|---|---|
| Deadline to move for collective certification: | September 8, 2023 |
| Opposition: | September 22, 2023 |
| Reply: | September 29, 2023 |
| Deadline to move for class certification: | January 5, 2024 |
| Opposition: | January 19, 2024 |
| Reply: | January 26, 2024 |
| Deadline to complete fact discovery: | February 23, 2024 |
| Deadline to move for summary judgment: | March 8, 2024 |

Pl. Ltr. at 1-2. Plaintiffs' schedule is expressly designed to allow them to certify a collective action pursuant to the FLSA, and attract additional party plaintiffs, *before* moving for class certification, so as to give counsel a wider choice of potential class representatives by the time such a motion is made. *Id*. at 1.

Defendants object to plaintiffs' proposal as too leisurely. It would be unreasonable, they say, to "wait another five months (until January 2024) to move for class certification in a matter that has already been pending for more than a year," Def. Ltr. at 1, particularly given that class certification should be decided "at an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). Defendants further argue that it would be improper for the Court to put the parties through the

effort and expense of a separate collective certification motion "simply as a means to locate proper class representatives," and accuse plaintiffs of "dragging their feet" on this and other aspects of the case. Def. Ltr. at 1-2. Defendants propose that plaintiffs "proceed with their motions simultaneously" or waive their right to move at all. *Id*. at 2. However, defendants do not propose any dates for those simultaneous motions.

Notwithstanding their failure to propose a specific schedule, defendants have the better end of the parties' dispute. Having done little or nothing to pursue the current plaintiffs' claims since the initial case management conference in February – and having unaccountably taken more than two months, since June 13, 2023, merely to *propose* a schedule for further discovery and motion practice – plaintiffs are not entitled to the lengthy schedule they now request (which, as a practical matter, would take even longer than they project).[1] Consequently, the Court hereby directs the parties to comply with the following schedule:

1. <u>Depositions and Additional Fact Discovery</u>. All remaining fact discovery, including depositions, shall be completed no later than **November 22, 2023**.

2. <u>Close of Discovery</u>. All discovery shall be completed no later than **November 22, 2023**.

3. <u>Collective or Class Certification Motions</u>. Any motions to certify an FLSA collective or a class action pursuant to Rule 23 shall be filed no later than **December 6, 2023**. No pre-motion conference letters are required. Unless the parties agree or the Court orders otherwise, opposition papers are due 14 days after plaintiffs' moving papers are filed, and reply papers are due 7 days after the opposition papers are filed. *See* Local. Civ. R. 6.1 (b).

---

[1] Even if the parties stuck to plaintiffs' proposed briefing schedule for their collective certification motion, and even if the Court granted that motion in October 2023 – promptly after receipt of the reply brief – additional time would be required for defendants to provide a list of employees to be notified, for plaintiffs to prepare and mail the notices, and for potential collective members to decide whether to opt in. *See*, *e.g.*, *Yuan v. & Hair Lounge Inc.*, 2019 WL 12338302, at *9 (S.D.N.Y. Nov. 7, 2019) ("The standard opt-in period in this Circuit, following conditional certification, is 60 days."). It is unlikely, as a practical matter, that all of these milestones would be accomplished by January 5, 2024.

4. <u>Additional Discovery</u>. If a collective or class certification motion is made *and granted*, the Court will consider a timely request by defendants for targeted discovery addressed to the opt-in plaintiffs or to a sampling of class members.

5. <u>Summary Judgment Motions</u>. Summary judgment motions, if any (or, if required by the district judge, pre-motion conference letters with respect to summary judgment) remain due **30 days after the close of discovery** (including any post-certification discovery authorized by the Court). Summary judgment motion papers shall conform to the individual practices of the district judge.

6. <u>Status Conference</u>. Judge Moses will conduct a status conference on **November 8, 2023**, **at 10:00 a.m.** No later than **November 1, 2023**, the parties shall submit a joint status letter outlining the progress of discovery to date, as well as any settlement efforts, and advising the Court of any scheduling issues.

Except as set forth herein, all provisions of the February 1, 2023 Initial Case Management Order remain in effect.

Dated: New York, New York
      August 23, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**